UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEPHEN PARDUE                                                            PLAINTIFF

v.                                          Civil No.: 09-5149

DEPUTY GRINDER ET AL.                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Now before the Court is the Motion to Dismiss (Doc. 13), filed by the Defendants. Stephen Pardue (Plaintiff) filed this case pro se and *in forma pauperis* on July 22, 2009, under 42 U.S.C. § 1983. (Doc. 1). The Defendants were served on October 30, 2009 (Docs. 7-10) and an Answer to the Complaint was filed on November 12, 2009. (Doc. 11). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Chief Judge Jimm Larry Hendren. For the following reasons, it is the recommendation of the undersigned that Defendants' Motion to Dismiss (Doc. 13) be granted and this case be dismissed for failure to follow Local Rule 5.5(c)(2) and failure to prosecute this action.

### I.     BACKGROUND

Defendants have moved to dismiss Plaintiff's Complaint, due to mail being returned as undeliverable. Specifically, the mail returned to Defendants consisted of discovery requests, including interrogatories and requests for production. (Doc. 15). Defendants state they mailed Interrogatories and Requests for Production to the Plaintiff on or about November 10, 2009.[1] On April 26, 2010, Defendants sent correspondence to Plaintiff, requesting the responses to the discovery

---

[1] The Defendants state the date discovery was mailed to be November 10, 2010, however the Court assumes this was a typographical error as this date has not yet passed. (Doc. 15, ¶ 1) It is assumed herein that the discovery at issue was mailed November 10, 2009.

propounded in November.  On May 4, 2010, the correspondence from April 26, 2010 was returned

to Defendants' counsel, marked "Returned to Sender, Attempted Not Known, Unable to Forward"

and "Not Here."  (*See* Doc.  15, Ex. 2).

No mail has been returned to the Court as undeliverable, however a review of the inmate log

for the Benton County Jail, which is the address of record for the Plaintiff, shows Plaintiff is no longer

incarcerated at that facility.  According to the inmate database for the Arkansas Department of

Correction, Plaintiff is not incarcerated in any Arkansas Department of Correction facility.  Moreover,

no new address for Plaintiff was found by utilizing www.justicexhange.com.  The Plaintiff has not

corresponded or communicated with the Court in any manner regarding his change of address.

## II.    APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is

specifically contemplated by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 41(b) (district court

may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370

U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown*

*v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491

(8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply

with *any* court order; such a dismissal may be *with* prejudice if there has been " 'a clear record of

delay or contumacious conduct by the plaintiff' ") (emphasis added); *Garrison v. Int'l Paper Co.,* 714

F.2d 757, 759 (8th Cir.1983) (it is well settled that the district court has inherent power, acting on

its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## III.    DISCUSSION

In this case, Plaintiff was notified of his need to keep an adequate and current address with

the court.  The forms for filing Section 1983 litigation in the Western District of Arkansas come with

a cover letter.  This cover letter includes the following relevant provisions:

> Under a local rule of this court, it is your obligation as a *pro se* plaintiff to inform this
> court at all times of your current mailing address. It is also your duty to prosecute
> your case diligently and monitor its progress.
>
> Again, you are advised that you must promptly inform the court of any change of
> address. If you are presently incarcerated, inform the court **immediately** upon your
> release.
>
> If the court does not receive a response within 30 days to any communication
> addressed to you at the last address provided by you, the court will assume that you
> have no further interest in the case and may dismiss same, without prejudice, upon
> motion of an adverse party or *sua sponte* (i.e. by the court acting on its own
> initiative.)

The local rule cited in the cover letter is Local Rule 5.5.  Local Rule 5.5 (c)(2) provides the

following:

> Parties appearing pro se. It is the duty of any party not represented by counsel to
> promptly notify the Clerk and the other parties to the proceedings of any change in
> his or her address, to monitor the progress of the case, and to prosecute or defend the
> action diligently. A party appearing for himself/herself shall sign his/her pleadings and
> state his/her address, zip code, and telephone number. If any communication from the
> Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be
> dismissed without prejudice. Any party proceeding pro se shall be expected to be
> familiar with and follow the Federal Rules of Civil Procedure.
> Local R.  5.5 (c)(2).

Thus, Plaintiff was likely notified once on the cover letter of the prisoner form packet, and

at least through the local rules, of the need to keep a current address with the court.  Plaintiff has not

communicated with Defendants or the Court regarding a current address.

### IV.    CONCLUSION

Accordingly, I recommend that Defendants' Motion to Dismiss (Doc.  13) be **GRANTED**

and that Plaintiff's Complaint (Doc.  1) be **DISMISSED** pursuant to Rule 41 for failure to keep a

current address with the court pursuant to Local Rule 5.5 (c)(2) and for failure to prosecute.

**The Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of May 2010.

/s/ *Erin L.  Setser*
HON.  ERIN L.  SETSER
U.S. MAGISTRATE JUDGE

-4-